IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMEL DANIELS, :
:
      Plaintiff, :
:
   v. : Civil Action No. 16-659-RGA
:
ROBERT COUPE, et al., :
:
      Defendants. :

Jamel Daniels, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 28, 2016
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Jamel Daniels, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 6). He also requests counsel. (D.I. 4). The Court proceeds to review and screen the Complaint (D.I. 3) pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

## INTRODUCTION

On July 7, 2014, Plaintiff purchased an obsession sweet candy bar from the VCC prison commissary. Defendant Keffee Food Corp. is/was the commissary vendor for the VCC. Defendant Global Brands, LLC is/was the manufacturer of products sold by Keffee Food Corp. Plaintiff's order was delivered to him by VCC commissary officers. Plaintiff began eating his candy bar and noticed blood in his mouth. He realized that his tongue was cut and his tooth was chipped. Plaintiff spit out an object that looked like a hard piece of chocolate. He washed it and discovered that it was a piece of glass or hard plastic. Plaintiff notified the prison unit officer and submitted a sick call slip, and was provided medical and dental care.

Plaintiff took several steps to obtain the name and address of the manufacturer of the candy bar, Global Brands, LLC. He wrote to Global Brands, located in Arizona, but received no response. He reported the matter to the Better Business Bureau, but it was unsuccessful in resolving the matter. Plaintiff filed the instant lawsuit alleging unsafe conditions. He seeks declaratory and injunctive relief as well as compensatory and punitive damages.

1

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when

ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780,787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

## DISCUSSION

**Eleventh Amendment Immunity**

The Department of Correction is an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007).

Accordingly, the Court will dismiss the DOC as it is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

**State Actors**

The complaint indicates that Plaintiff commenced this case pursuant to § 1983. To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *Id.* at 49. Defendants Keffee Food Co. and Global Brands, LLC are private companies: one is a commissary vendor and the other is the manufacturer of candy. These two defendants are not "clothed with the authority of

4

state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004). The § 1983 claims against Keffee Food and Global Brands will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1).

Liberally construing the complaint, as the Court must, it appears that Plaintiff has raised supplemental tort claims under Delaware law against Keffee Food and Global Brands. He will be allowed to proceed on the supplemental state law claims.[1]

**Conditions of Confinement**

Plaintiff alleges unlawful conditions of confinement based upon the foreign object found in the candy bar that he purchased from the VCC commissary. Conditions of prison confinement violate the Eighth Amendment only if they "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Atkinson v. Taylor*, 316 F.3d 257, 272 (3d Cir. 2003). Plaintiff's claim does not rise to the level of a constitutional violation. *See Hankins v. Pennsylvania*, 526 F. App'x 164, 168 (3d Cir. 2013); *Hamm v. De Kalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("The fact that [prison] food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.").

---

[1] It also appears that *pro se* Plaintiff could allege diversity jurisdiction. For that reason, I do not exercise my discretion to dismiss the supplemental state law claims.

Accordingly, the Court will dismiss the claim against DOC Defendants Robert Coupe, David Pierce, Perry Phelps, Carol Powell, and Cpl. Silvasy as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).[2]

**Request for Counsel**

Plaintiff requests counsel on the grounds that he is unable to afford counsel, his imprisonment greatly limits his ability to litigate, the issues are complex and will require significant research and investigation, he has limited law library access, he has limited knowledge of the law, a trial will likely involve conflicting testimony, counsel will better enable Plaintiff to present evidence and cross-examine witnesses, and he has made repeated efforts to obtain counsel. (D.I. 4).

Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. A *pro se* litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[3] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

---

[2]Lack of personal involvement and claims based upon supervisory liability provide additional bases for dismissal of the DOC Defendants. It is well established that claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. See *Iqbal*, 556 U.S. at 676–77; see also *Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. 2009) (holding that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[3]See *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request."

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Id.* at 155-57.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. To date, Plaintiff's filings indicate that he possesses the ability to adequately pursue his claims. In addition, the issues are not complex. Upon consideration of the record, the Court is not persuaded that representation by an attorney is warranted at this time. Therefore, the Court will deny the request for counsel without prejudice to renew. The Court can address the issue at a later date should counsel become necessary.

## CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's request for counsel without prejudice to renew (D.I. 4); (2) dismiss all 42 U.S.C. § 1983 claims and Defendants Delaware Department of Correction, Robert Coupe, David Pierce, Perry Phelps, Carol Powell, and Cpl. Silvasy as the claims are legally frivolous and based upon immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (iii) and 28 U.S.C. § 1915A(b)(1), (2); and (3) allow Plaintiff to proceed on supplemental State tort claims against Defendants Keffee Food Co. and Global Brands, LLC.

An appropriate order will be entered.