IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMEL DANIELS, | : |
| Plaintiff, | : |
| v. | : Civ. Action No. 16-659-RGA |
| KEFFEE FOOD CO., et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington, this [0 day of October 2017, having considered Plaintiff's request for counsel (D.I. 40);

Plaintiff Jamel Daniels an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this lawsuit on July 29, 2016. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6). Plaintiff seeks counsel on the grounds that he is unable to afford counsel, his imprisonment limits his ability to litigate, the issues are complete, he had limited access to the law library and limited legal knowledge and experience, a trial will involve conflicting testimony, and he has made unsuccessful efforts to retain counsel.

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to Representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation

---

[1]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. After reviewing Plaintiff's complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, Plaintiff has ably represented himself to date. In light of the foregoing, the Court will deny without prejudice to renew Plaintiff's request for counsel. Should the need for counsel arise later, one can be appointed at that time.

IT IS THEREFORE ORDERED that Plaintiff's request for counsel (D.I. 40) is **denied** without prejudice to renew.

*/s/ Richard G. Andrews*
UNITED STATES DISTRICT JUDGE