IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMEL DANIELS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 16-659-RGA |
| KEFFEE FOOD CO., et al., | : |
| Defendants. | : |
| and | : |
| GLOBAL BRANDS, LLC, | : |
| Defendant/Third Party Plaintiff, | : |
| v. | : |
| BARON CHOCOLATIER, INC., | : |
| Third Party Defendant. | : |

Jamel Daniels, SCI Retreat, Hunlock Creek, Pennsylvania; Pro Se Plaintiff.

Peter L. Frattarelli, Esquire, Archer & Greiner, P.C., Wilmington, Delaware; Counsel for Defendant Keefe Group, LLC d/b/a/Keefe Supply Company.

Tracy A. Burleigh, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware; Counsel for Defendant/Third Party Plaintiff Global Brands, LLC.

Robert D. Cecil, Jr., Esquire, Tybout, Redfearn & Pell, Wilmington, Delaware; Counsel for Third Party Defendant Baron Chocolatier, Inc.

**MEMORANDUM OPINION**

September 5, 2018

ANDREWS, U.S. District Judge:

Plaintiff Jamel Daniels, a former inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He also raised supplemental state claims. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). Defendants and Third Party Defendant move for summary judgment. (D.I. 53, 57, 59, 61). Briefing on the matters is complete. Plaintiff failed to file oppositions to the motions despite the Court's briefing schedule order and Plaintiff having been given additional time to file oppositions. (*See* D.I. 68, 71).

## BACKGROUND

As alleged in the Complaint, on July 7, 2014, Plaintiff purchased a Sweet Obsession Candy Bar[1] from the JTVCC prison commissary. (D.I. 3 at ¶ 13). Defendant Keefe Group, LLC d/b/a/Keefe Supply Company (improperly pled as Keffee Food Co.) is or was the commissary vendor for the JTVCC, and Defendant Global Brands, LLC is or was the manufacturer of products sold by Keefe Supply. (*Id*. at ¶¶ 7, 8). It appears that the candy bar was delivered to Plaintiff by prison commissary officers on July 21, 2014. (D.I. 3 at ¶ 15 and Ex. A). When Plaintiff began eating his candy bar, he noticed blood in his mouth, and realized that his tongue had been cut and his tooth was chipped. (D.I. 3 at ¶ 16). Plaintiff spit out an object that looked like a hard piece of chocolate. (*Id*. at ¶ 17). He washed it and discovered that it was a piece of glass or hard plastic. (*Id*.) Plaintiff was provided medical and dental care. (*Id*. at ¶ 19). Plaintiff

---

[1] It appears that the actual name of the candy bar might be the "Sweet Obsession Chocolate Bar." (D.I. 60-2).

1

submitted a grievance which indicates the incident occurred on July 24, 2014. (D.I. 3 at Ex. B).

Plaintiff took several steps to obtain the name and address of the manufacturer of the candy bar, Global Brands, LLC. (*Id.* at ¶¶ 26-30). Plaintiff filed the instant lawsuit on July 24, 2016,[2] alleging unsafe conditions. He seeks declaratory and injunctive relief as well as compensatory and punitive damages.

The Complaint was screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). Plaintiff was allowed to proceed with his supplemental state claims against the moving defendants. (D.I. 8, 9). Thereafter, Global Brands LLC filed a Third Party Complaint against Baron Chocolatier, Inc. for contribution and/or indemnification (D.I. 33).

The following facts are gleaned from the record. According to James Kajosaj, account manager with Keefe Group, LLC, Keefe Supply is one of several vendors periodically chosen through an open market engagement process to supply the JTVCC Commissary. (D.I. 55-1 at ¶¶ 1, 4). Keefe Supply's records demonstrate that between July 2012 and December 2014, it did not sell or supply any Sweet Obsession Candy Bars to the JTVCC Commissary. (*Id.* at ¶ 5). Keefe Supply did not alter the Sweet

---

[2] The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule" and deemed filed as of the date it was delivered to prison officials for mailing to the Court. See *Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002). Plaintiff's complaint was signed on July 24, 2016, and the envelope it was mailed in is post-marked July 28, 2016. Therefore, Plaintiff's Complaint was delivered to prison authorities for mailing between July 24, 2016 and July 28, 2016. Giving Plaintiff the benefit of the doubt, the Court concludes that Plaintiff's Complaint was filed on July 24, 2016, the date it was signed, and the earliest date possible that it could have been delivered to prison officials for mailing.

2

Obsession Candy Bar that Plaintiff purchased on July 7, 2014 and does not have any knowledge of, or the ability to discover, any defect with the candy bar. (*Id.* at ¶¶ 6-7). Keefe Supply did not have any knowledge of any glass located in any Sweet Obsession Candy Bars or other similar products that it supplied to the JTVCC Commissary. (*Id.* at ¶ 8).

Global Brands, LLC is a wholesale distributor of non-durable food products, including such items as candy, salty and fruit snacks, cookies, honey, preserves, and fruit drinks. (D.I. 60-2 at ¶ 2). According to Richard Ennen, President and CEO of Global Brands, LLC, in July 2014, and for the preceding 18 months, Global Brands provided wholesale distribution of Sweet Obsession Chocolate Bars to various vendors throughout the United States. (*Id.* at ¶ 3). Global Brands is not a food manufacturer. (*Id.* at ¶ 4). It does not manufacture Sweet Obsession Chocolate Bars and did not manufacture the Sweet Obsession Chocolate Bar purchased and consumed by Plaintiff. (*Id.*). Global Brands did not sell the candy bar to JTVCC. (*Id.* at ¶ 5). Global Brands did not assemble, alter, modify, inspect, package or repackage the candy bar. (*Id.* at ¶ 6). It did not have any knowledge of, or the ability to discover, any defect with the candy bar. (*Id.* at ¶ 7). Global Brands did not have any knowledge of any glass being located in any Sweet Obsession Chocolate Bars which it distributed in the United States in July 2014, or in the preceding 18 months. (*Id.* at ¶ 8).

Defendants Keefe Supply and Global Brands move for summary judgment on the grounds that: (1) Keefe Supply and Global Brands are neither the legal nor proximate cause of Plaintiff's alleged injuries; (2) Delaware's sealed container defense protects Keefe Supply and Global Brands from liability; and (3) the negligence claim is barred by

3

the two-year statute of limitations. (D.I. 53-60). Third Party Defendant Baron Chocolatier moves for summary judgment on the grounds that: (1) Global Brands is not entitled to contribution and/or indemnification because Plaintiff's claims are time-barred; and (2) Delaware's sealed container defense protects it from liability. (D.I. 61-63).

## STANDARDS OF LAW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-49 (1986).

Plaintiff did not file oppositions to the motions for summary judgment. The Court, however, will not grant the entry of summary judgment without considering the merits of the unopposed motions. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (district court should not have granted summary judgment solely on the basis that a motion for summary judgment was not opposed.).

## DISCUSSION

To the extent Plaintiff raises either a negligence claim or a breach of the implied warranty of merchantability claim, no reasonable jury could find in his favor.

**Negligence**. "[I]n order to prevail in a negligence action, a plaintiff must prove by a preponderance of the evidence that the defendant's action breached a duty of care in a way that proximately caused injury to the plaintiff." *Reid v. Hindt*, 976 A.2d 125, 132 (Del. 2009). To establish proximate cause, Plaintiff must prove, "that there was a reasonable probability of a causal connection between each defendant's negligence and his injury." *Id.* When the plaintiff's claim involves bodily injuries, "the causal connection between the defendant's alleged negligent conduct and the plaintiff's alleged injury must be proved by the direct testimony of a competent medical expert." *Roache v. Charney*, 38 A.3d 281, 286 (Del. 2012).

Here, summary judgment is appropriate on behalf of Defendants. Regarding Keefe Supply, there is no evidence of causal connection between Plaintiff's injuries and Keefe Supply. Keefe Supply did not sell or supply the candy bar to the JTVCC.

The evidence of record indicates that Global Brands was the wholesale distributor of Sweet Obsession Candy Bars during the relevant time-frame. Even assuming that Global Brands has a general duty to distribute food items that do not have foreign objects embedded in them, "the general rule is that dealer or retailer is under no duty to inspect for latent defects in articles as they come from the manufacturer unless the dealer or retailer has knowledge of such defects or reasonable grounds to suspect such defects exist." *Behringer v. William Gretz Brewing Co.*, 169 A.2d 249, 253 (Del. Super. 1961). Even when viewing the evidence in the light most favorable to Plaintiff, Global Brands had no reason to know or anticipate that the candy bar contained a foreign object. Thus, Global Brands breached no duty it owed to Plaintiff.

5

Finally, under Delaware law, the causation element in a negligence action appears to require Plaintiff to put forth some kind of expert testimony and, without it, Plaintiff cannot prevail, even though as the non-movant the facts are construed in his favor. *See, e.g., Bailey v. Commercial Joint Ventures, LLC*, 2013 WL 5492544, at *2 (Del. Super. Sept. 30, 2013); *Rayfield v. Power*, 840 A.2d 642, 2003 WL 22873037 (Del. Dec. 2, 2003) (table) (explaining that when combating a motion for summary judgment, a personal injury plaintiff must demonstrate that she could succeed on her claim at trial, which requires "direct testimony of a competent medical expert").[3]

No reasonable jury could find for Plaintiff under a negligence theory. Therefore, the Court will grant the motions for summary judgment.[4]

**Breach of Implied Warranty of Merchantability**. To prevail on a claim under the implied warranty of merchantability theory, a plaintiff must prove "(1) that a merchant sold the goods; (2) which were defective at the time of sale; (3) causing injury to the ultimate consumer; (4) the proximate cause of which was the defective nature of the

---

[3] There are these broad statements in Delaware cases, but I am not entirely sure that a plaintiff who says he bit on a piece of food that had glass in it, and then spit out a piece of his tooth along with the glass, would be required to have an expert to establish causality as to the tooth.

[4] The Court will dismiss as moot Global Brands' motion for summary judgment based upon the statute of limitations (D.I. 57), noting that the record does not support a finding that the negligence claim is time-barred. In Delaware, "[l]awsuits based upon common law principles of negligence are subject to the two-year statute of limitations in 10 Del. C. § 8119." *Harper v. State Farm Mut. Auto. Ins. Co.*, 703 A.2d 136, 137 (Del. 1997). Plaintiff purchased the candy bar on July 7, 2014, and it was delivered to him on July 21, 2014. However, Plaintiff alleges, and exhibits attached to the Complaint indicate, that the injury did not occur until July 24, 2014, when he began eating the candy bar. Plaintiff commenced this action on July 24, 2016.

6

goods; and (5) that the seller received notice of the injury." *Reybold Group, Inc. v. Chemprobe Technologies, Inc.*, 721 A.2d 1267, 1269 (Del. 1998); 6 Del. C. § 2-314. Under Delaware law, a seller is defined as "a wholesaler, distributor, retailer or other individual or entity other than a manufacturer that is regularly engaged in the selling of a product whether the sale is for resale by the purchaser or is for use or consumption by the ultimate consumer." 18 Del. C. § 7001(a)(4). Delaware's Sealed Container statute, 18 Del. C. § 7001(b), provides that "it shall be a defense to an action against a seller of a product for . . . personal injury allegedly caused by the defective design or manufacture of a product if the seller establishes that:"

> (1) The product was acquired and then sold or leased by the seller in a sealed container and in unaltered form;
> (2) The seller had no knowledge of the defect;
> (3) In the performance of the duties the seller performed or while the product was in the seller's possession could not have discovered the defect while exercising reasonable care;
> (4) The seller did not manufacturer, produce, design or designate the specifications for the product, which conduct was the proximate and substantial cause of the claimant's injury;
> (5) The seller did not alter, modify, assemble or mishandle the product while in the seller's possession in a manner which was the proximate and substantial cause of the claimant's injury; and
> (6) The seller had not received notice of the defect from purchasers of similar products.

18 Del. C. § 7001(b). The burden of producing evidence belongs to the seller.

A sealed container defense is inapplicable if: "(1) The claimant is unable to identify the manufacturer through reasonable effort; (2) The manufacturer is insolvent, immune from suit or not subject to suit in Delaware; or (3) The seller made any express warranties, the breach of which were the proximate and substantial cause of the claimant's injury." 18 Del. C. § 7001(c).

Both Keefe Supply and Global Brands satisfy all six elements of the sealed container defense. (*See* D.I. 55-1; 60-2). The unrebutted facts are that after reasonable effort, Plaintiff identified Global Brands as the apparent manufacturer of the candy bar as labeled on the packaging of the candy bar (*see* D.I. 64 at Interrog. 2), and Global Brands identified Third Party Defendant Baron Chocolatier as the manufacturer of the candy bar (*see* D.I. 33 at ¶ 6). There is no evidence of record that express warranties were made to Plaintiff.

The unrebutted evidence is that Keefe Supply and Global Brands did not manufacture, design, package, or otherwise alter the Candy Bar, or its packaging. Nor is there evidence of record that they had, or could have had, any knowledge of the alleged defect at issue in this matter with the candy bar purchased by Plaintiff or any Sweet Obsession Candy Bars. In addition, Global Brands did not have notice of the alleged defect in any similar Sweet Obsession Candy Bars that it distributed in the United States between January 2013 and July 2014.

All elements of the sealed container defense have been met and therefore, the Court will grant the motions for summary judgment filed by Keefe Supply and Global Brands.

**Contribution/Indemnification.** No reasonable jury could find on behalf of Plaintiff. The evidence of record supports a finding that Keefe Supply and Global Brands cannot be held liable under the facts of this case. It follows then, that Global Brands' Third-Party Complaint for contribution and/or indemnification from Baron Chocolatier is moot as is Baron Chocolatier's motion for summary judgment. *See, e.g., Quereguan v. New Castle Cty.*, 2011 WL 1376304 (Del. Apr. 12, 2011) (table) (Court of

8

Chancery did not abuse discretion in dismissing claims against Defendant and in dismissing as moot third-party indemnification claims against the State of Delaware and the State of Delaware's motion for summary judgment); *Castellani v. Delaware State Police*, 751 A.2d 934, 942 (Del. Super. 1999) (Superior Court granted defendants' motion for summary judgment and dismissed as moot their third party contribution claim against third party defendant). Therefore, the Court will dismiss as moot both Global Brand's Third Party Complaint and Baron Chocolatier's motion for summary judgment.

## CONCLUSION

Based upon the above discussion, the Court will: (1) grant Defendant Keffee Food Co.'s Motion for Summary Judgment (D.I. 53); (2) dismiss as moot Defendant Global Brands LLC's Motion for Summary Judgment based upon the statute of limitation (D.I. 57) and grant its motion for Summary Judgment (D.I. 59); (3) dismiss as moot the Third Party Complaint (D.I. 33); and (4) dismiss as moot Third Party Defendant Baron Chocolatier, Inc.'s Motion for Summary Judgment (D.I. 61).

An appropriate order will be entered.